**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

STEPHEN LEONARD GUARDINO, JR.,

        Plaintiff,

vs.                                 Case No. 3:18-cv-1390-J-20JRK

ITT, INC.,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

**I. Status**

This cause is before the Court on the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. No. 2), filed November 26, 2018, that the Court construes as a Motion to Proceed In Forma Pauperis ("Motion"). Upon review of the file, the undersigned recommends that the case be dismissed for frivolity.

Plaintiff initiated this action pro se on November 26, 2018 by filing a Complaint for a Civil Case (Doc. No. 1). On December 6, 2018, the undersigned entered an Order (Doc. No. 4; "Order"), taking the Motion under advisement. Observing that the Complaint appeared subject to dismissal for frivolity, the undersigned directed Plaintiff to file an Amended Complaint by January 7, 2019; alternatively, Plaintiff was directed to pay the filing fee by January 7, 2019. See Order at 1, 6. On January 4, 2019, Plaintiff filed an Amended

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Complaint. See Amended Claim Violations of Rights Protected by United States of America Republic Constitution (Doc. No. 7; "Amended Complaint"). Plaintiff, however, has failed to cure the deficiencies initially identified in the Order. See Order at 4.

## II. Legal Standard

A court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915. The Court's decision to grant in forma pauperis status is discretionary. See Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983); Lane v. Fort Walton Beach Hous. Auth., 518 F. App'x 904, 915 n.11 (11th Cir. 2013) (citation omitted). While a litigant need not show he is "absolutely destitute" to qualify for pauper status under § 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004); see also Lane, 518 F. App'x at 915 (citation omitted).

A court receiving an application to proceed in forma pauperis must dismiss the case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "In addition, a district court may sua sponte consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking." Jackson v. Farmers Ins. Group/Fire Ins. Exch., 391 F. App'x 854, 856 (11th Cir. 2010) (unpublished) (citations omitted).

With respect to frivolity, the United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint filed in forma pauperis that fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure ("Rule(s)"), is not automatically frivolous. Id. at 328. Instead, a court will dismiss a claim based on frivolity pursuant to § 1915 when the claim lacks arguable merit in either law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). Accordingly, § 1915 requires dismissal when: (1) the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; (2) the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992); or (3) when it appears that the plaintiff has little or no chance of success, Bilal, 251 F.3d at 1349 (citation omitted).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba, 517 F.3d at 1252 (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id.

(quotation and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

"[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nevertheless, a court is under no duty to "re-write" a plaintiff's complaint to find a claim. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

### III. Discussion

Although it appears Plaintiff may be financially unable to pay the filing fee, see Motion at 1-5, a review of the Amended Complaint reveals that it is subject to dismissal for frivolity. The Amended Complaint consists of fanciful allegations apparently asserting that the streets in Palm Coast, Florida, when viewed on Google Earth, depict "[o]bscene depictions of sexual conduct." Amended Complaint at 1. The undersigned is unable to identify any cause of action of which Plaintiff has alleged all the essential elements.

### IV. Conclusion

Overall, construing pro se Plaintiff's claims and allegations liberally, the undersigned finds Plaintiff's claims are due to be dismissed for frivolity. Accordingly, it is

**RECOMMENDED THAT**:

1.      Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. No. 2), construed as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2.      This case be **DISMISSED without prejudice**.

3.      The Clerk be directed to terminate any pending motions and to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 7, 2019.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Harvey E. Schlesinger
United States District Judge

Pro se Party